Turlf.y J.
delivered the opinion of the court.
After reciting the facts he proceeded. It is not denied *259 that inasmuch as this power of attorney is a necessary link in the chain of the plaintiff’s title, that its execution must he ^ ' . provenas the law directs: but it is contended that the certificate of probate in the State of Kentucky, and the consequent registration thereon in the county of Dyer, State of Tennessee, furnishes that proof. Whether this proposition be true or not, depends upon .the construction of different statutes of this state passed upon this subject.
By the provisions of the common law, all instruments of writing produced in evidence were required to be proven by witnesses on trial before the jury. But experience having shown that contracts relating to the sale of real estate were frequendy brought into controversy, long after the death of all those who could prove their execution, it was found advisable as to them, to adopt a different mode of proof from that required by the common law.
This was first done as to powers of attorney, by the act of 1805, c. 16, § 4, which provides, that powers of attorney au-thorising the conveyance of land, may, on being proved in the manner in which deeds and other conveyances of land are by law required to be proved, be registered in the register’s office of the county in which the land authorised to be conveyed shall lie, and attested copies of such powers of at torney shall be legal evidence in the same manner as copies of deeds and other conveyances of land by law required to be registered: The question then arises; is ther.e any statute, which authorises the registration of a deed or other conveyance of land, upon such a probate as is attached to this power of attorney? The acts of 1809, c. 100, § 3, and 1809, c. 104, §2, are referred to as giving this authority. The act of 1809, c. 100, § 3, provides that all deeds for the absolute conveyance of real estate within this state, to which the Indian title was not extinguished at the time of the execution of such deed, and at the time of the registration of the same, as herein after mentioned, which deed shall have been proven by one or more of the subscribing witnesses thereto, in any court of record or before any judge of the superior courts of the state, or shall have been so proven before any court of *260 record or any judge of a court, or mayor of a city, out of this - state, and shall have been registered in any county in this slate, within the time required for the probate and registration of deeds, such probate and registration shall be sufficient to entitle such deed or deeds to be read in evidence in any court within this state, and shall also be sufficient to entitle such deed or deeds to registration in the county or counties where said land may lie, when the Indian title is extinguished thereto.
This statute does not cover this case, because it is not a general law, but entirely retrospective in its operation, and only intended and made to apply to a particular class of cases in existence at the time of its passage, having no operation whatever on deeds executed thereafter; and because the probate of the power of attorney is not such as it requires, even supposing it could be construed so as to have a prospective operation.
The statute requires that the probate when made in another state, shall be before a court of record, a judge of a court, or a mayor of a city. It is not pretended that the probate in this case was made before a judge or a mayor. And what evidence have we that it was made before a court of record. It does not appear from the certificate of the clerk or justice of the peace, that the county court of Kentucky, where the probate is alleged to have been made, is a court of record; but granting that it is, and that we are bound to notice it as sugI), what evidence must we demand of its acts. No principle of law is better established, than that things done in a court of record can only be proven by the records of the court, or by copies thereof, attested or proven as the law may require.
The certificate of the clerk that the probate was made, is not the record or a copy of it, but merely a statement of his own, as to what was done, not warranted by his office, nor pro-, vided for by the statute under consideration.
Tho act of 1809, c. 104, §2, enacts, that when subscribing witnesses to a deed of conveyance, power of attorney, bill of sale, or bond for the conveyance of real estate, which may require registration, reside without the limits of this state, it may and shall be lawful for the holders of such deeds of con *261 veyance, powers of attorney, bills of sale, and bonds for the conveyance of real estate, to produce the testimony of such subscribing witness or witnesses, to be entered on record in any court of record having cognizance thereof, and such probate endorsed on such deed of conveyance, power of attorney, bill of sale, or bond for the conveyance of real estate, authenticated according to the act of Congress, which pre--scribes the mode of certifying the records of any state, in order to give them authenticity within any other state, shall be admitted to registration in any court of record in this state, as if the same had been proven in the said court under the existing laws,
The provisions of this act do not authorise the probate of the power of attorney, as it is certified to have been made in the State of Kentucky. Neither do they authorise its registration as made in Dyer county, in this State. The act says that when the subscribing witness resides in another state, the holder of the power of attorney may procure his testimony to be entered of record in any court of record within such state, and upon having the probate so made, endorsed on the power of attorney, and certified as by act of Congress the records of other states are required to be certified, it may be admitted to registration in any court of record m this state.
None of these things have been done. There is no evidence that the testimony of the subscribing witness to this power of attorney was ever spread upon record in any court of record in the State of Kentucky. If it were, a certified copy of the record showing it to have been done, must be properly authenticated, instead of which we have as a substitute, a certificate of the clerk that it was done, not as good evidence of the fact as his deposition could have been. Neither is the power of attorney, or probate, registered in a court of record, or by the order of a court of record in this State, which is absolutely necessary to constitute a valid registration.
Then under neither of these statutes is the probate or registration of the power of attorney sought to be read by the plaintiff in error, legally made. It is not pretended that there is any other act bearing upon the subject. The consequence is, that the power of attorney is left unsupported by legislative en *262 actment, and could only have been read upon such testimony ■ as the common law requires, which is proof of its execution by the subscribing witness, or if he be dead, or beyond the jurisdiction of the court, by proof of his hand writing, which not being made, the court did not err in refusing to permit it to be read to the jury.
Judgment affirmed.